**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Case No. 3:18-CV-601-B-BK |
| § | |
| **SAMUEL F. TALLIS,** § | |
| Respondent § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the *Order Referring Motion*, Doc. 4, before the Court is the *United States' (IRS) Petition to Enforce IRS Summons* ("Petition to Enforce"), Doc. 1, filed March 15, 2018. After consideration of the pleadings, evidence, oral argument, and applicable law, it is recommended that the petition be **GRANTED**.

**I. BACKGROUND**

On March 30, 2018, the Court issued an order for Respondent Samuel F. Tallis to appear in person before the undersigned, on April 17, 2018, at 10:00 a.m., and show cause why he should not be ordered to comply with the IRS administrative summons previously served on him. Doc. 7 ("Show Cause Order"). The Clerk of the Court was directed serve a copy of the Show Cause Order and Petition to Enforce with its attachments on Respondent by certified letter addressed to his residence at 1709 Carleton Avenue, Fort Worth, Texas 76107.[1] Doc. 7. The Show Cause Order further provided that in the event Respondent failed to accept service by mail, the Government was authorized to serve Respondent by affixing the pleadings to the front door of Respondent's residence. *Id*. On April 11, 2018, the Government filed a certificate of service indicating that on

---

[1] Review of the Court's docket reveals that, as directed, the Clerk sent the documents to Respondent via certified mail on March 30, 2018, and that, as of the date of this Recommendation, the correspondence has not been returned by the Postal Service as undeliverable.

April 6, 2018, Respondent was served the Show Cause Order and Petition to Enforce with attachments by IRS Revenue Officer David Dodgen ("Officer Dodgen") affixing the same to the front door of Respondent's residence at 1709 Carleton Avenue, Fort Worth, Texas 76107. Doc. 8.

### A. Failure to Appear

A show cause hearing was held as scheduled on April 17, 2018. The government appeared through counsel, Manuel P. Lena and David G. Adams. However, as personally observed by the Court, Respondent failed to appear. At the hearing, Officer Dodgen testified that he indeed served a copy of the Show Cause Order and Petition to Enforce (with attachments including the Summons) on Respondent by affixing a copy to the front entrance and door of Respondent's last and usual residence at 1709 Carleton Avenue, Fort Worth, Texas 76107, on April 6, 2018. On this credible testimony and the uncontested written Declaration of Officer Dodgen, Doc. 8-1, the Court finds that Respondent was properly served with the Show Cause Order and Petition to Enforce with its exhibits on April 6, 2018.

### B. Failure to Comply with the Summons

Officer Dodgen also testified at the April 17, 2018 hearing that on October 12, 2017, he issued an IRS administrative summons ("Summons") to Respondent, which Officer Dodgen served on Respondent by affixing to the front entrance of Respondent's last and usual residence at 1709 Carleton Avenue, Fort Worth, Texas 76107, on October 13, 2017. The Summons required Respondent to appear at Officer Dodgen's office located at Oak Forest Shopping Center, 913 NW Loop 281, Suite 212, Longview, TX 75604, on November 15, 2017, at 10:00 a.m., to give testimony and produce documents and records regarding his assets, liabilities, or accounts held "for the period JANUARY 1, 2017 to PRESENT." Doc. 1-1 at 6-7.

## II.  APPICABLE LAW

Where any person refuses to obey an IRS summons, the government may seek judicial enforcement of the summons:

> Whenever any person summoned under section…7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case;  and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

26 U.S.C. § 7604(b).

The government's *prima facie* case for enforcement requires only a "minimal" initial showing that the summons was issued in good faith, i.e., that (1) it was issued for a proper purpose, (2) that the material sought is relevant to that purpose, (3) that the information sought is not already within the Commissioner's possession, and (4) that the administrative steps required by the Internal Revenue Code have been followed. *See, e.g.*, *United States v. Powell,* 379 U.S. 48 (1964); *Barquero v. United States,* 18 F.3d 1311, 1316 (5th Cir. 1994); *United States v. McCoy,* 954 F.2d 1000, 1004 (5th Cir. 1992). This showing may be made by a simple affidavit filed with the petition to enforce by the agent who issued the summons. *United States v. Linsteadt,* 724 F.2d 480, 482 (5th Cir.1984); *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir. 1981); *see also* 26 U.S.C. § 7603(a) (a section 7602 summons is served "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the

enforcement of the summons."). Once the government makes this minimal showing, the burden shifts to the party resisting the summons to challenge it on any appropriate ground, e.g., an improper purpose for the summons or abuse of the court process. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1978); *Powell,* 379 U.S. at 58; *McCoy,* 954 F.2d at 1004.

### III. ANALYSIS

Here, the Court finds that the credible testimony of Officer Dodgen and his uncontested written declaration, Doc. 1-1 at 1-5, has established (1) the need of the IRS for the information sought by the Summons; (2) that the information sought, Doc. 1-1 at 6, is relevant to the examination of Respondent's assets in relation to his ability to satisfy outstanding tax liabilities; and (3) that there is no "Justice Department referral in effect" with respect to Respondent or any person whose tax liability is at issue pursuant the Summons, as that phrase is defined in 26 U.S.C. § 7602(d). The Court further finds that through Officer Dodgen's testimony and declaration, the United States has demonstrated that (1) there is a legitimate purpose for the issuance of the Summons – that is, to secure testimony, records and documents relating to Respondent's assets to determine his ability to satisfy his tax liability; (2) the information sought by the Summons may be relevant for that purpose; and (3) the IRS does not already have possession of the books and records sought by the Summons. The Court further finds that despite being duly served, Respondent failed to appear and offer any evidence rebutting the Government's prima facie showing for enforcement the Summons, as was his burden. Accordingly, the undersigned concludes that all the requirements set out in *Powell* have been satisfied, and the Government is entitled to enforcement of the Summons pursuant to 26 U.S.C. § 7604(b). *LaSalle Nat'l Bank,* 437 U.S. at 316. The Court should issue an order compelling Respondent's compliance with the Summons.

At the show cause hearing, government counsel also requested that the Court issue an arrest

warrant or attachment directing that Respondent be brought before the Court for a hearing at which he would be required to comply with the Summons. Such relief is premature, however, where Respondent has not yet been ordered by the Court to comply with the Summons. *See Schulz v. I.R.S.*, 413 F.3d 297, 299 (2d Cir. 2005) ("Contrary to the government's view that § 7604(b) allows a court to punish disobedience of an IRS summons without providing an intervening opportunity to comply with a court order of enforcement, we maintain that no punitive consequences can befall a summoned party who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order.") (internal quotation marks omitted).

Moreover, to the extent Respondent suggests that the undersigned certify to the District Judge facts constituting contempt based on Respondent's failure to appear pursuant to the Show Cause Order, the Court declines to do so. However, if upon this Recommendation, the District Judge issues an order requiring Respondent to comply with the Summons and Respondent fails to do so, the Government may seek further enforcement action by the Court, including punishment for contempt, and may also request that an attachment/arrest warrant be issued at that time. *See United States v. Powell,* 379 U.S. 48, 58 n.18 (1964) (where a taxpayer "has contumaciously refused to comply with the administrative summons and the Service fears he may flee the jurisdiction," the application for enforcement may also include the request that an attachment issue for the taxpayer's arrest and that the officer serving the attachment bring the taxpayer before the Court for an enforcement hearing). Accordingly, the Government's request for the issuance of an arrest warrant or attachment for Respondent and/or certification to the District Judge of facts constituting contempt is **DENIED**.

### IV.   CONCLUSION

The petition to enforce the summons should be **GRANTED** to the extent stated herein.

Respondent Samuel F. Tallis should be **ORDERED** to appear before Officer Dodgen or another officer of the IRS, at 1100 Commerce Street, Room 245, Dallas, Texas, 75242, on May 25, 2018, at 10:00 a.m., to testify and produce all documents and records specified in the Summons attached as Exhibit "A" to the Petition to Enforce filed in this case on March 15, 2018, Doc. 1-1 at 6. All court costs should be taxed against Respondent.

**SO RECOMMENDED** on April 20, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on Respondent by mailing copies to him at his residence located at 1709 Carleton Avenue, Fort Worth, Texas 76107. A copy of this Recommendation shall also be served upon Respondent by David Dodgen or another proper officer of the Internal Revenue Service without delay. If the officer is unable to personally serve Respondent, service may be made by affixing the pleadings to the front door of Respondent's residence. The officer serving this Recommendation is directed to make due return of such service to this Court.

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE